**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| The Bank of New York Melon, FKA The Bank of New York, as Trustee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-13 | CIVIL ACTION NO: |
| **Plaintiff** | **COMPLAINT** |
| **vs.** | **RE:**<br>29 Little River Road, North Berwick, ME 03906 |
| Richard A Pepin and Jeanine M Pepin aka Jeanine M. Leonard | Mortgage:<br>July 26, 2007<br>Book 15222, Page 893<br>York County Registry of Deeds |
| **Defendants**<br>Bureaus Investment Group Portfolio | |
| **Party-In-Interest** | |

NOW COMES the Plaintiff, The Bank of New York Melon, FKA The Bank of New York, as Trustee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-13, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, Richard A Pepin and Jeanine M Pepin aka Jeanine M. Leonard, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by The Bank of New York Melon, FKA The Bank of New York, as Trustee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-13, in which the Defendants, Richard A Pepin and Jeanine M Pepin aka Jeanine M. Leonard hereinafter "Jeanine M. Pepin", are the obligor and the total amount owed under the terms of the Note is Three Hundred Thirty-Seven Thousand Six Hundred Ninety-Five and 58/100 ($337,695.58) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. The Bank of New York Melon, FKA The Bank of New York, as Trustee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-13 is a Delaware corporation, with its principal place of business and main office in the State of New York at 101 Barclay Street 4W, New York, NY 10286 and is therefore a citizen of New York and Delaware.

5. The Defendant, Jeanine M Pepin, is a resident of Rochester, County of Strafford and State of New Hampshire.

6. The Defendant, Richard A Pepin, is a resident of North Berwick, County of York and State of Maine.

7.  The Party-in-Interest, Bureaus Investment Group Portfolio, is an Illinois limited liability company whose sole member is Michael Slotky who is a resident of Illinois with a main/principal place of business located at 711 N Edgewood Ave, Suite 200. Wood Dale, IL. 60191 and is therefore is a resident of Illinois for diversity purposes.

## FACTS

8.  On August 31, 1995, by virtue of a Warranty Deed from Robert L. Giroux, which is recorded in the York County Registry of Deeds in **Book 7540, Page 312**, the property situated at 29 Little River Road, City/Town of North Berwick, County of York, and State of Maine, was conveyed to Richard A. Peppin and Jeanine M. Peppin, being more particularly described by the attached legal description.  *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

9.  On July 26, 2007, Defendants, Richard A Pepin and Jeanine M Pepin, executed and delivered to Countrywide Home Loans, Inc. a certain Note under seal in the amount of $171,700.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

10. To secure said Note, on July 26, 2007, Defendants, Jeanine M Pepin and Richard A Pepin, executed a Mortgage Deed in favor of Mortgage Electronic Registration systems as nominee for Countrywide Home Loans, Inc., securing the property located at 29 Little River Road, North Berwick, ME 03906 which Mortgage Deed is recorded in the York County Registry of Deeds in **Book 15222**, **Page 893**.  *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

11. The Mortgage was then assigned to The Bank of New York, as trustee for the benefit of CWABS, Inc, Asset-Backed Certificates, Series 2007-13 by virtue of an Assignment of Mortgage dated October 10, 2008, and recorded in the York County Registry of Deeds in

**Book 15509**, **Page 0828** (arguably ineffective under *Greenleaf*). *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. The Mortgage was then assigned to The Bank of New York Melon, as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-13 by virtue of an Assignment of Mortgage dated March 23, 2015, and recorded in the York County Registry of Deeds in **Book 17189**, **Page 326**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. The Mortgage was further assigned to The Bank of New York Melon, FKA The Bank of New York, as Trustee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-13 by virtue of a Corrective Assignment dated October 28, 2015, and recorded in the York County Registry of Deeds in **Book 17189**, **Page 327** (arguably ineffective under *Greenleaf*). *See* Exhibit F (a true and correct copy of the Corrective Assignment is attached hereto and incorporated herein).

14. The Mortgage was further assigned to The Bank of New York Mellon FKA The Bank of New York, as Trustee for the certificate holders of the CWABS, Inc., Asset-backed Certificates, Series 2007-13 by virtue of a Quitclaim Assignment dated November 15, 2022, and recorded in the York County Registry of Deeds in **Book 19157**, **Page 875**. *See* Exhibit G (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

15. The Mortgage was then assigned to The Bank of New York Mellon FKA The Bank of New York, as Trustee for the Certificates, Series 2007-13 by virtue of an Assignment of Mortgage dated November 15, 2022, and recorded in the York County Registry of Deeds in **Book 19157**, **Page 937** (arguably ineffective under *Greenleaf*). *See* Exhibit H (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

16. On August 27, 2018, the Defendants, Richard A Pepin and Jeanine M Pepin, executed a Loan Modification Agreement which adjusted the principal amount of the Note to $358,980.05 (herein after referred to as the "Loan Modification"), which acknowledged the enforceability of both the Note and Mortgage as of that date by that holder. That enforceability remains effective as of today's date by the Plaintiff and provides the Plaintiff with standing in this foreclosure and sale action. *See* Exhibit I (a true and correct copy of the Loan Modification is attached hereto and incorporated herein)

17. On December 16, 2025, the Defendants, Richard A Pepin and Jeanine M Pepin, were sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certified mail tracking number (herein after referred to as the "Demand Letter"). *See* Exhibit J (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

18. The Demand Letter informed the Defendants, Richard A Pepin and Jeanine M Pepin, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit J.

19. The Defendants, Richard A Pepin and Jeanine M Pepin, failed to cure the default prior to the expiration of the Demand Letter.

20. The Plaintiff, The Bank of New York Melon, FKA The Bank of New York, as Trustee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-13, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

21. The Plaintiff, The Bank of New York Melon, FKA The Bank of New York, as Trustee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-13, hereby certifies it is the lawful holder and owner of the Note and Mortgage.

22. The Plaintiff, The Bank of New York Melon, FKA The Bank of New York, as Trustee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-13, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

23. Bureaus Investment Group Portfolio is a de minimis Party-in-Interest pursuant to a Writ of Execution in the amount of $6,117.82 dated January 28, 2013, and recorded in the York County Registry of Deeds in **Book 16541**, **Page 417,** however, upon information and belief it did not comply with the notice requirement to perfect its lien and therefore is in second position behind Plaintiff's Mortgage.

24. The total debt owed under the Note and Mortgage as of May 9, 2026, if no payments are made, is Three Hundred Thirty-Seven Thousand Six Hundred Ninety-Five and 58/100 ($337,695.58) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $224,158.25 |
| Interest | $5,264.63 |
| Legal Fees | $139.82 |
| Deferred Amounts | $107,694.02 |
| Funds Owed by Borrower | $1,452.00 |
| Funds Owed to Borrower | $-1,013.14 |
| Grand Total | $337,695.58 |

25. Upon information and belief, the Defendants, Richard A Pepin and Jeanine M Pepin, are presently in possession of the subject property originally secured by the Mortgage.

### COUNT I – FORECLOSURE AND SALE

26. The Plaintiff, The Bank of New York Melon, FKA The Bank of New York, as Trustee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-13, repeats and re-alleges paragraphs 1 through 25 as if fully set forth herein.

27. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 29 Little River Road, North Berwick, County of York, and State of Maine. *See* Exhibit A.

28. The Plaintiff, The Bank of New York Melon, FKA The Bank of New York, as Trustee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-13, is the holder of the Note referenced in Paragraph 9 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, The Bank of New York Melon, FKA The Bank of New York, as Trustee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-13, has the right to foreclosure and sale upon the subject property.

29. The Plaintiff, The Bank of New York Melon, FKA The Bank of New York, as Trustee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-13, hereby certifies it is the current owner and investor of the aforesaid Mortgage and Note.

30. The Defendants, Jeanine M Pepin and Richard A Pepin, are presently in default on said Mortgage and Note, having failed to make the monthly payment due November 1, 2025, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note.

31. The total debt owed under the Note and Mortgage as of May 9, 2026, is Three Hundred Thirty-Seven Thousand Six Hundred Ninety-Five and 58/100 ($337,695.58) Dollars.

32. The record established through the York County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

33. By virtue of the Defendants, Jeanine M Pepin and Richard A Pepin's, breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate.

34. Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to the Defendants, Richard A Pepin and Jeanine M Pepin, on December 16, 2025, evidenced by the Certified mail tracking number. *See* Exhibit J.

35. The Defendants, Richard A Pepin and Jeanine M Pepin, are not in the Military as evidenced by the attached Exhibit K.

36. If any Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of that Defendant, but only seeks *in rem* judgment against the property.

## COUNT II – BREACH OF NOTE

37. The Plaintiff, The Bank of New York Melon, FKA The Bank of New York, as Trustee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-13, repeats and re-alleges paragraphs 1 through 36 as if fully set forth herein.

38. On July 26, 2007, the Defendants, Richard A Pepin and Jeanine M Pepin, executed under seal and delivered to Countrywide Home Loans, Inc. a certain Note in the amount of $171,700.00. *See* Exhibit B.

39. The Defendants, Richard A Pepin and Jeanine M Pepin, are in default for failure to properly tender the November 1, 2025, payment and all subsequent payments. *See* Exhibit J.

40. The Plaintiff, The Bank of New York Melon, FKA The Bank of New York, as Trustee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-13, is the

proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants, Richard A Pepin and Jeanine M Pepin.

41. The Defendants, Richard A Pepin and Jeanine M Pepin, having failed to comply with the terms of the Note and Mortgage, are in breach of both the Note and the Mortgage.

42. The Defendants, Richard A Pepin and Jeanine M Pepin's, breach is knowing, willful, and continuing.

43. The Defendants, Richard A Pepin and Jeanine M Pepin's, breach has caused Plaintiff, The Bank of New York Melon, FKA The Bank of New York, as Trustee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-13, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

44. The total debt owed under the Note and Mortgage as of May 9, 2026, if no payments are made, is Three Hundred Thirty-Seven Thousand Six Hundred Ninety-Five and 58/100 ($337,695.58) Dollars.

45. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

46. If any Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of that Defendant, but only seeks *in rem* judgment against the property.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

47. The Plaintiff, The Bank of New York Melon, FKA The Bank of New York, as Trustee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-13, repeats and re-alleges paragraphs 1 through 46 as if fully set forth herein.

48. By executing, under seal, and delivering the Note, the Defendants, Richard A Pepin and Jeanine M Pepin, entered into a written contract with Countrywide Home Loans, Inc., who agreed to loan the amount of $171,700.00 to the Defendants. *See* Exhibit B.

49. As part of this contract and transaction, the Defendants, Jeanine M Pepin and Richard A Pepin, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

50. The Plaintiff, The Bank of New York Melon, FKA The Bank of New York, as Trustee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-13, is the proper holder of the Note and successor-in-interest to Countrywide Home Loans, Inc., and has performed its obligations under the Note and Mortgage.

51. The Defendants, Jeanine M Pepin and Richard A Pepin, breached the terms of the Note and Mortgage by failing to properly tender the November 1, 2025, payment and all subsequent payments. *See* Exhibit J.

52. The Plaintiff, The Bank of New York Melon, FKA The Bank of New York, as Trustee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-13, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants, Richard A Pepin and Jeanine M Pepin.

53. The Defendants, Jeanine M Pepin and Richard A Pepin, having failed to comply with the terms of the Note and Mortgage, are in breach of contract.

54. The Defendants, Jeanine M Pepin and Richard A Pepin, are indebted to The Bank of New York Melon, FKA The Bank of New York, as Trustee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-13 in the sum of Three Hundred Thirty-Seven Thousand Six Hundred Ninety-Five and 58/100 ($337,695.58) Dollars, for money lent by the Plaintiff, The Bank of New York Melon, FKA The Bank of New York, as Trustee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-13, to the Defendants.

55. Defendants, Jeanine M Pepin and Richard A Pepin's, breach is knowing, willful, and continuing.

56. Defendants, Jeanine M Pepin and Richard A Pepin's, breach has caused Plaintiff, The Bank of New York Melon, FKA The Bank of New York, as Trustee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-13, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

57. The total debt owed under the Note and Mortgage as of May 9, 2026, if no payments are made, is Three Hundred Thirty-Seven Thousand Six Hundred Ninety-Five and 58/100 ($337,695.58) Dollars.

58. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

59. If any Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of that Defendant but only seeks *in rem* judgment against the property.

## COUNT IV –UNJUST ENRICHMENT

60. The Plaintiff, The Bank of New York Melon, FKA The Bank of New York, as Trustee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-13, repeats and re-alleges paragraphs 1 through 59 as if fully set forth herein.

61. Countrywide Home Loans, Inc., predecessor-in-interest to The Plaintiff, The Bank of New York Melon, FKA The Bank of New York, as Trustee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-13, SERIES 2007-13, loaned the Defendants, Richard A Pepin and Jeanine M Pepin, $171,700.00. *See* Exhibit B.

62. The Defendants, Jeanine M Pepin and Richard A Pepin, have failed to repay the loan obligation.

63. As a result, the Defendants, Jeanine M Pepin and Richard A Pepin, have been unjustly enriched to the detriment of The Plaintiff, The Bank of New York Melon, FKA The Bank of New York, as Trustee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-13  as successor-in-interest to Countrywide Home Loans, Inc. by having received the aforesaid benefits and money and not repaying said benefits and money.

64. As such, The Plaintiff, The Bank of New York Melon, FKA The Bank of New York, as Trustee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-13, is entitled to relief.

65. If any Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of that Defendant, but only seeks *in rem* judgment against the property.

## PRAYERS FOR RELIEF

WHEREFORE, The Plaintiff, The Bank of New York Melon, FKA The Bank of New York, as Trustee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-13, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322;

b) Determine the amount due and priority of any Parties-In-Interest that appear in this matter;

c) Grant possession to The Plaintiff, The Bank of New York Melon, FKA The Bank of New York, as Trustee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-13, upon the expiration of the period of redemption;

d) Find that the Defendants, Richard A Pepin and Jeanine M Pepin, are in breach of the Note by failing to make payment due as of November 1, 2025, and all subsequent payments;

e) Find that the Defendants, Jeanine M Pepin and Richard A Pepin, are in breach of the Mortgage by failing to make payment due as of November 1, 2025, and all subsequent payments;

f) Find that the Defendants, Jeanine M Pepin and Richard A Pepin, entered into a contract for a sum certain in exchange for a security interest in the subject property;

g) Find that the Defendants, Jeanine M Pepin and Richard A Pepin, are in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due November 1, 2025, and all subsequent payments;

h) Find that The Plaintiff, The Bank of New York Melon, FKA The Bank of New York, as Trustee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-13, is entitled to enforce the terms and conditions of the Note and Mortgage;

i) Find that by virtue of the money retained by the Defendants, Jeanine M Pepin and Richard

A Pepin have been unjustly enriched at the Plaintiff's expense;

j)  Find that such unjust enrichment entitles The Plaintiff, The Bank of New York Melon, FKA The Bank of New York, as Trustee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-13, to restitution;

k)  Find that the Defendants, Jeanine M Pepin and Richard A Pepin, are liable to The Plaintiff, The Bank of New York Melon, FKA The Bank of New York, as Trustee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-13, for money had and received;

l)  Find that the Defendants, Jeanine M Pepin and Richard A Pepin, have appreciated and retained the benefit of the Mortgage and the subject property;

m)  Find that it would be inequitable for the Defendants, Jeanine M Pepin and Richard A Pepin, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n)  Find that The Plaintiff, The Bank of New York Melon, FKA The Bank of New York, as Trustee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-13, is entitled to restitution for this benefit from the Defendants, Jeanine M Pepin and Richard A Pepin;

o)  Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendants, Jeanine M Pepin and Richard A Pepin, and in favor of The Plaintiff, The Bank of New York Melon, FKA The Bank of New York, as Trustee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-13, in the amount of Three Hundred Thirty-Seven Thousand Six Hundred Ninety-Five and 58/100 ($337,695.58) Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs (If any Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of that Defendant, but only seeks *in rem* judgment against the property);

q) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
The Bank of New York Melon, FKA The Bank of New York, as Trustee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-13,
By its attorneys,

Dated: May 1, 2026

/s/Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq. Bar No. 005746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com